UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-351-BR
No. 5:14-CV-244-BR

WALTER KEVIN BAILEY,       )
      Petitioner,              )
                                )
v.                          )         O R D E R
                                )
UNITED STATES OF AMERICA,   )
      Respondent.              )

      This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 117.)

      In January 2011, petitioner pled guilty to possession of an unregistered firearm, and aiding and abetting the same, in violation of 18 U.S.C. § 2 and 26 U.S.C. § 5861(d); possession of a stolen firearm, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 922(j); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). By judgment entered 5 May 2011, the court sentenced petitioner to 120 months imprisonment on each count, all running concurrently. Petitioner did not appeal. In May 2014, petitioner filed his § 2255 motion. (DE # 113.) Upon initial review, the court directed the government to file an answer or other appropriate response. (DE # 114.) The government filed the instant motion. Despite having received notice of the government's motion, (DE # 119), petitioner has not filed a response.

      The government requests that petitioner's § 2255 motion be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if 'it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Ashann-Ra v. United States, Nos. 5:96-CR-39-BR,

5:08-CV-302-BR, 2009 WL 3448431, at *3 (E.D.N.C. Oct. 26, 2009) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In his § 2255 motion, petitioner asserts the following grounds for relief: (1) ineffective assistance of counsel based on counsel's failure to explain the details of the plea agreement and failure to "argue specifics on P.S.I."; (2) the court's purportedly incorrect application of a guideline enhancement; and (3) his purportedly improper conviction for being a felon in possession of a firearm. (Mot., DE # 113, at 4, 5, 7.)[1] The government contends that petitioner's motion is untimely, among other things.

A § 2255 petitioner generally has one year from the date his conviction became final within which to file a motion to vacate. See 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on or about 19 May 2011, see Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 532 (2003), but he filed his § 2255 motion more than three years after that date. Section 2255's statute of limitations may be equitably tolled. As recognized by the Fourth Circuit,

> In *Rouse v. Lee,* we explained that equitable tolling is available only in "those rare instances where– due to circumstances external to the party's own conduct– it would be unconscionable to enforce the limitation period against the party and gross injustice would result." 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), *cert. denied,* --- U.S. ----, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004) (No. 03-7892). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.*

United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Paragraph 18 of the § 2255 form motion requires a petitioner whose conviction became final more than one year prior to filing to explain why § 2255's one-year limitations period does

---

[1] Page citations are to those generated by cm/ecf.

2

not bar the motion. Petitioner responded as follows: "I was not aware until recently that I was incorrectly enhanced due to a lack of knowledge of the law and my lawyer not explaining my options. Also recently become [sic] aware of Simmons case and Frye." (Mot., DE # 113, at 12.) Despite petitioner's statements, the circumstances here do not warrant equitable tolling of § 2255's limitations period.

First, ignorance of law generally does not amount to an extraordinary circumstance beyond a petitioner's control. See Sosa, 364 F.3d at 512 ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." (citations omitted)). Second, a petitioner seeking the application of equitable tolling has an obligation to pursue his rights diligently, Holland v. Florida, 560 U.S. 631, 649 (2010), and in this case, petitioner did not file his § 2255 motion within a year of either Missouri v. Frye, 132 S. Ct. 1399 (2012), or United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which were decided on 21 March 2012 and 17 August 2011, respectively. Also, in this regard, petitioner was aware of Simmons and his option to file a § 2255 motion at least as of 5 February 2012. At that time, petitioner wrote to the court requesting that counsel be appointed to assist him with his "situation" based on Simmons. (DE # 103.) On 15 February 2012, petitioner's trial counsel responded to the letter, stating that he had been appointed to represent petitioner pursuant to standing order No. 11-SO-3 to determine whether petitioner qualified for post-conviction relief based on Simmons and that he concluded that petitioner did not qualify for such relief. (DE # 104.) Counsel's conclusion was based on the fact that even if petitioner's conviction for felon in possession of a firearm was vacated, his other two convictions remain, and petitioner's guideline imprisonment range of 120 months (the statutory maximum) on those convictions would not

3

change. (Id.) Counsel served petitioner with a copy of this filing. (Id.) Even though petitioner was aware of all this information in February 2012, which was *before* the statute of limitations expired, he did not file his § 2255 motion until more than two years later.

Finally, the court cannot conclude that gross injustice would result if petitioner is not allowed to challenge his convictions. He cannot succeed on the merits of his first two claims. As to his first claim based on counsel's alleged failure to explain the plea agreement and make arguments regarding the presentence report ("PSR"), the court thoroughly explained the terms of the plea agreement to petitioner at his arraignment as it is obligated to do pursuant to Federal Rule of Criminal Procedure 11, and counsel *did* raise objections to the PSR. As for petitioner's second claim that the court improperly applied a guideline enhancement for firearms in possession of petitioner's co-defendants, an error in the application of such a garden variety enhancement, as opposed to a recidivist enhancement, cannot serve as a basis for habeas relief. See United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) ("holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice" to justify relief under § 2255). With regard to petitioner's third claim, even assuming that he is actually innocent of being a felon in possession of a firearm and that the court could vacate his conviction for that offense, the court agrees with trial counsel's assessment that resentencing petitioner on the two remaining convictions would make no difference in petitioner's sentence, which would remain a total term of imprisonment of 120 months. Therefore, petitioner has not made a sufficient showing to warrant equitable tolling of § 2255's limitation period, and his § 2255 motion is untimely.

Based on the foregoing, the government's motion to dismiss is ALLOWED, and the §

4

Case 5:10-cr-00351-BR   Document 120   Filed 10/06/14   Page 4 of 5

2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 6 October 2014.

                                        W. Earl Britt
                                        Senior U.S. District Judge